E. MARTIN ESTRADA
United States Attorney
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
First Assistant United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARAH E. SPIELBERGER (Cal. Bar No. 311175)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2272/3358
     Facsimile: (213) 894-2600/0141
     E-mail:    joseph.mcnally@usdoj.gov
                sarah.spielberger@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:24-CR-106-JWH |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SATORI RECOVERY CENTER LLC |
| v. | |
| SATORI RECOVERY CENTER LLC, | |
| Defendant. | |

1.   This constitutes the plea agreement between SATORI RECOVERY CENTER LLC ("Satori" or "defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

       a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to commit an offense against the United States, in violation of Title 18 of the United States Code, section 371.

       b.    Not contest facts agreed to in this agreement.

       c.    Abide by all agreements regarding sentencing contained in this agreement.

       d.    Appear for all court appearances and obey any other ongoing court order in this matter.

       e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

       h.    Recommend that defendant be sentenced to pay a fine within the applicable Sentencing Guidelines range and not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a fine below the applicable Guidelines range.

<u>THE USAO'S OBLIGATIONS</u>

3.    The USAO agrees to:

       a.    Not contest facts agreed to in this agreement.

2

      b.   Abide by all agreements regarding sentencing contained in this agreement.

      c.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 10 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

      d.   Not seek a fine above the high end of the applicable Sentencing Guidelines range.

### COMPANY AUTHORIZATION

4.   Defendant represents that it is authorized to enter into this agreement.  On or before the change of plea hearing pursuant to this agreement, defendant shall provide the USAO and the Court with a notarized legal document certifying that defendant is authorized to enter into and comply with all of the provisions of this agreement.  Such resolution(s) shall designate Larry Snyder as the company representative who is authorized to take the actions specified in this agreement, including pleading guilty on behalf of the company, and shall also state that all legal formalities for such authorizations have been observed.

ORGANIZATIONAL CHANGES AND APPLICABILITY

5. This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation and Pretrial Services Office for the Central District of California with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or comply with any forfeiture obligations or otherwise affecting this agreement.  No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement.  Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

NATURE OF THE OFFENSE

6. Defendant understands that for defendant to be guilty of the crime charged in the single count information, that is, conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371, the following must be true: (1) beginning in May 2017, and ending on or about November 15, 2018, there was an agreement between two or more persons to commit at least one crime as charged in the information; (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of

the conspirators performed at least one overt act for the purpose of carrying out the conspiracy.

7. In order for a defendant to be guilty of the object of the conspiracy, that is, the use of an interstate facility in aid of bribery, in violation of Title 18, United States Code, Section 1952(a)(3) (the "Travel Act"), the following must be true: (1) a person used the mail or a facility of interstate commerce with the intent to promote, manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on of, unlawful activity, specifically, the payment and/or receipt of kickbacks in violation of California Insurance Code § 750, and (2) after doing so, the person performed or attempted to perform an act to promote, manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on of, such unlawful activity.

## PENALTIES

8. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years' probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

## SUSPENSION, REVOCATION, AND DEBARMENT

9. Defendant understands that if defendant holds any regulatory licenses or permits, the conviction in this case may result in the suspension or revocation of those licenses and permits. The USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal

environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.  Defendant understands that unanticipated collateral consequences such as this will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Satori is a limited liability corporation based in Orange County, California.  Beginning no later than May 2017 and continuing to at least March 24, 2019, Satori operated an alcohol and drug treatment facility, also in Orange County.  As part of its business, Satori submitted claims to insurance companies for patients' treatment.  Under California Insurance Code Section 750, Satori was prohibited from paying money for patient referrals.

Between May 2017 and ending on or about March 24, 2019, Satori, acting through its owners and employees, entered into a conspiracy to violate the Travel Act by agreeing to pay third party companies ("patient brokers") for patient referrals to its treatment facility. In so doing, Satori entered into an agreement to violate a law of the United States (namely, the Travel Act) as charged in the information.

Satori knew of at least one of the objects of this conspiracy and intended to help accomplish it.  Also, on or after May 2017, Satori performed at least one overt act for the purpose of carrying out this conspiracy.  Specifically, on multiple occasions, Satori knowingly and willfully paid referral fees to patient brokers after patients stayed at Satori for a period of time and received treatment, for which services Satori billed and was reimbursed by insurers.  Satori falsely characterized these fees as "marketing" payments when, in reality and as Satori well knew, Satori was paying patient brokers referral fees for bringing Satori a specific number of patients.  Satori paid approximately $100,000 in referral fees for patients, and Satori knew that these kickbacks were illegal.  In so doing, Satori performed an act to promote and facilitate the carrying on of an unlawful activity, namely, the payment of kickbacks in violation of California Insurance Code Section 750.

As part of its agreement to violate the Travel Act, Satori used the mail and a facility of interstate commerce with the intent to facilitate the payment and receipt of the illegal kickbacks.  Defendant performed several acts, as detailed below, that facilitated the carrying on of the unlawful kickback scheme.

In furtherance of the conspiracy, on June 15, 2017, a representative of Satori sent a text message to a representative of a third party company, Patient Broker A, and discussed patient referrals.  On June 26, 2017, Satori and Patient Broker A entered into a sham marketing agreement that purported to pay $25,000 per month to Patient Broker A.  Satori knew the contract did not reflect their true arrangement.  Satori created the contract to cover up kickback payments from Satori to Patient Broker A.  On June 30, 2017,

Satori issued a payment in the amount of $12,500 made via check numbered 1340 to Patient Broker A that was a kickback payment for patient referrals.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

<u>Offense Level and Base Fine Under U.S.S.G. §§ 8C2.1, 8C2.3, 8C2.4</u>

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2B4.1(a) |
| Kickback Amount: | +8 | U.S.S.G. § 2B4.1(b)(1) |
| Total Offense Level: | 16 | |

<u>Culpability Score and Fine Multiplier Under U.S.S.G. §§ 8C2.5, 8C2.6</u>

| | | |
|---|---|---|
| Base points: | 5 | U.S.S.G. § 8C2.5(a) |
| Acceptance: | -2 | U.S.S.G. § 8C2.5(g)(2) |
| Total Culpability Score: | 3 | |
| Fine Multiplier: | 0.6-1.2 | U.S.S.G. § 8C2.6 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

   g. Any and all rights to pursue any affirmative defenses, Fourth Amendment claims, and other pretrial motions that have been filed or could be filed.

//
//

WAIVER OF STATUTE OF LIMITATIONS

15. Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for that offense prior to the filing of the information alleging that offense; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17. Defendant agrees that, provided the Court imposes a total fine on the count of conviction of no more than $500,000, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the

sentence; (b) the fine imposed by the Court, provided it is within the statutory maximum; (c) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (d) the term of probation imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court.

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.  This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____     June 7, 2024
SARAH E. SPIELBERGER                  Date
Assistant United States Attorney


_____     6/3/24
CHARLES L. KREINDLER                  Date
Authorized Representative of
Defendant Satori Recovery Center
LLC

_____     6/3/24
CHARLES L. KREINDLER                  Date
Attorney for Defendant Satori
Recovery Center LLC

16

CERTIFICATION OF DEFENDANT

I have been authorized by Satori Recovery Center LLC to enter into this agreement on its behalf. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with Satori Recovery Center LLC's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with Satori Recovery Center LLC'S attorney, and Satori Recovery Center LLC's attorney has advised me of Satori Recovery Center LLC's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3572, of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or Satori Recovery LLC other than those contained in this agreement. No one has threatened or forced me or Satori Recovery Center LLC in any way to enter into this agreement. I am satisfied with the representation of Satori Recovery Center LLC'S attorney in this matter, and Satori Recovery Center LLC is pleading guilty because it is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    6/5/24
CHARLES L. KREINDLER          Date
Authorized Representative of
Defendant Satori Recovery Center
LLC

17

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Satori Recovery Center LLC's attorney. I have carefully and thoroughly discussed every part of this agreement with my client through its authorized representative. Further, I have fully advised my client of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3572, of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          _6/3/24_____
CHARLES L. KREINDLER                 Date
Attorney for Defendant Satori
Recovery Center LLC